HANSON BRIDGETT LLP
LINDA E. KLAMM, SBN 71506
lklamm@hansonbridgett.com
MILES C. HOLDEN, SBN 263342
mholden@hansonbridgett.com
CAITLIN N. RABIYAN, SBN 333841
crabiyan@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Plaintiff BAY BRIDGE
CAPITAL PARTNERS, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| BAY BRIDGE CAPITAL PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**BAY BRIDGE CAPITAL PARTNERS, LLC'S COMPLAINT AGAINST NATIONAL FIRE & MARINE INSURANCE COMPANY FOR:**<br>**(1) DECLARATORY RELIEF – NOTICE WAS TIMELY;**<br>**(2) DECLARATORY RELIEF – DUTY TO PAY FOR COVERED LOSS;**<br>**(3) BREACH OF CONTRACT; AND**<br>**(4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

1. Plaintiff BAY BRIDGE CAPITAL PARTNERS, LLC ("BAY BRIDGE") hereby complains against Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY ("NATIONAL FIRE"), and alleges as follows:

## THE PARTIES

2. BAY BRIDGE is and was at all relevant times a limited liability company duly organized under the laws of Delaware with its principal place of business in Utah. It is, and at all relevant times was, authorized to transact business in California. BAY BRIDGE has one member, Providence Group, Inc., which is and was at all relevant times a corporation incorporated under the laws of California with its principal place of business in Utah.

3. BAY BRIDGE alleges on information and belief that NATIONAL FIRE, a Berkshire Hathaway insurance company, is and was at all relevant times an insurer domiciled in Nebraska with its principal place of business in Nebraska, and that NATIONAL FIRE is and was at all relevant times authorized to transact business in California as a surplus lines insurer.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The amount in controversy includes, but is not limited to, sums that BAY BRIDGE contends NATIONAL FIRE owes in connection with covered loss in connection with the settlement of an underlying lawsuit.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the acts and/or omissions giving right to the claims occurred in this District in El Dorado County, including but not limited to the insured facility at issue being located in this District in El Dorado County and the alleged loss

occurring in this District in El Dorado County.

## GENERAL ALLEGATIONS

### I. Nature Of The Claim and Relief Sought

7. This Complaint concerns insurance-coverage issues between BAY BRIDGE and NATIONAL FIRE arising out of loss related to a lawsuit entitled *Crandell v. Western Slope Health Center, et al.*, Case No. 20190520, filed in the Superior Court for the State of California, County of El Dorado (the "Lawsuit").

8. The facility where the alleged injuries giving rise to the Lawsuit occurred was a subsidiary company of BAY BRIDGE. As a parent company of the facility, BAY BRIDGE was named as one of several defendants in the Lawsuit.

9. BAY BRIDGE faced significant liability exposure from the Lawsuit, resulting in claims made on its insurance policies for indemnification of those sums BAY BRIDGE became legally obligated to pay.

10. BAY BRIDGE tendered to NATIONAL FIRE notice of the Lawsuit and a claim for all available insurance coverage under the policy (the "Claim") on August 31, 2023.

11. Thereafter, in connection with its claims for insurance coverage, BAY BRIDGE provided NATIONAL FIRE with additional information necessary to evaluate the Claim.

12. NATIONAL FIRE has failed to comply with its obligations to BAY BRIDGE in connection with BAY BRIDGE's tender and Claim.

13. BAY BRIDGE now seeks declarations of rights, obligations, duties, and liability under the insurance policy issued by NATIONAL FIRE.

14. BAY BRIDGE also seeks damages, fees, and costs against NATIONAL FIRE for breaching the policy and the implied covenant of good faith and fair dealing by unreasonably failing to comply with its obligations to BAY BRIDGE in connection with, among other things, NATIONAL FIRE's improper claims-handling practices, including its failure to pay in connection with the Claim,

which are contrary to established insurance law, so as to deny BAY BRIDGE the coverage to which BAY BRIDGE is entitled.

**II.     The Insurance Policy**

15.     As relevant to this Complaint, NATIONAL FIRE issued a "Senior Care Follow Form Excess Liability" policy providing, among other things, excess coverage for sums the insured becomes legally obligated to pay because of injury or damage, in excess of the underlying policy's limits, and bearing policy number 42-XSC-303187-05, effective August 4, 2020 to August 4, 2021 (the "Policy").

16.     BAY BRIDGE is the first named insured under the Policy.

17.     The Policy includes, among other things, an insuring agreement in its "Follow Form Excess Liability Policy" form that provides in part:

> **SECTION I – COVERAGES**
>
> We will pay on behalf of the "insured" those sums in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages because of injury or damage to which this insurance applies.
>
> Except as otherwise provided herein or endorsed to this policy, the insurance in this policy will follow the coverages, terms, representations, warranties, definitions, exclusions, conditions and limitations of the "followed policy" as of inception of this policy.

18.     The Policy also contains a condition requiring the insured to provide notice of a claim or potential claim, providing in part:

//
//
//
//
//
//

### SECTION IV – CONDITIONS

**5.    Required Notices to Us by the Insured**
As soon as practical, you shall give written notice to us of any:

    **a.**    Occurrence, offense, claim or suit likely to involve this policy; and

    **b.**    Change, cancellation or non-renewal of the "followed policy."

19.    BAY BRIDGE timely tendered notice for all available coverage for the Claim to NATIONAL FIRE, and has satisfied all terms and conditions of the Policy that apply to it.

### III.    NATIONAL FIRE'S Wrongful Claims-Handling

20.    BAY BRIDGE initially tendered notice of the Claim to NATIONAL FIRE on August 31, 2023, in accordance with the Policy's notice provision.

21.    Thereafter, NATIONAL FIRE provided a computerized notice entitled Acknowledgement providing a claims number, identifying the claims person who would be handling the claim four days after receiving notice of the Claim, stating: "Based on available information, it does not appear that the reported matter(s) will reach our layer of coverage. Accordingly, we will close our file." Notably, NATIONAL FIRE's notice of closing its file did not raise any issue with timely notice under the Policy.

22.    NATIONAL FIRE's notice of closing its file was only provided to BAY BRIDGE's insurance broker, and not BAY BRIDGE itself.

23.    Despite its previous representation that its file was closed, on or about March 21, 2024, NATIONAL FIRE issued a formal declination of coverage for the Claim, raising allegations of late notice for the first time.

24.    Despite receiving notice in compliance with its Policy provisions, NATIONAL FIRE has failed and/or refused to acknowledge coverage for any

portion of the Claim, assist with resolution of the Lawsuit by participating in mediation, or make payment related to the Claim.

25. NATIONAL FIRE contends that notice of a claim was required to be given during the Policy period, or any extended reporting period, pursuant to the terms of the relevant underlying primary-layer insurance policy.

26. However, NATIONAL FIRE's position ignores the provision of its own Policy, which provides that "*except as otherwise provided herein* or endorsed to this policy, the insurance in this policy will follow the coverages, terms . . . conditions and limitations of the 'followed policy'[.]" (emphasis added).

27. Though the underlying "followed policy" contains its own requirement for notice of a claim under that policy, NATIONAL FIRE's Policy contains different provisions requiring notice. Thus, because those provisions differ from the "followed policy," the specific terms of the Policy apply.

28. Despite receiving notice and repeated requests to attend, NATIONAL FIRE refused to participate in the mediation of the Lawsuit or contribute to its settlement.

29. Because of the risk of excessive liability and to mitigate its damages, BAY BRIDGE resolved the Lawsuit in private mediation for an amount that exceeds the limits of the underlying "followed policy" and any applicable retentions. BAY BRIDGE now looks to NATIONAL FIRE to provide excess coverage pursuant to its duty to "pay . . . those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages."

30. By improperly delaying and failing and/or refusing to pay in connection with the Claim, NATIONAL FIRE has caused BAY BRIDGE to be unreasonably exposed to loss, expenses, and liability in connection with the Lawsuit.

31. Additionally, NATIONAL FIRE has deceived BAY BRIDGE, caused BAY BRIDGE to suffer resultant economic injury, and otherwise breached its

obligations to BAY BRIDGE by, among other things, failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Policy by "closing" its file only four days after receiving notice, then issuing its denial letter months later; and failing to promptly provide a reasonable explanation of the basis relied on in the Policy, in relation to the facts or applicable law, for NATIONAL FIRE's failure or refusal to pay in connection with the Claim.

32. NATIONAL FIRE's improper claims-handling is in material breach of the Policy and the implied covenant of good faith and fair dealing.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF – NOTICE WAS TIMELY
## (AGAINST NATIONAL FIRE)

33. BAY BRIDGE realleges and incorporates by reference each and every allegation set forth above in this Complaint.

34. The Policy provides that, "except as otherwise provided herein . . . the insurance in [the Policy] will follow the coverages . . . conditions and limitations of the 'followed policy[.]"

35. The Policy contains provisions that differ from the "followed policy," including a provision that requires notice of a claim be given when an "[o]ccurrence, offense, claim or suit likely to involve this policy[.]"

36. BAY BRIDGE gave notice of the Lawsuit to NATIONAL FIRE on or about August 31, 2023.

37. A dispute and actual, justiciable controversy has arisen and now exists between BAY BRIDGE and NATIONAL FIRE concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with the Claim. BAY BRIDGE asserts, and states on information and belief that NATIONAL FIRE disputes, among other things, that notice was not timely provided under the Policy.

38. BAY BRIDGE desires a judicial determination and declaration of the

parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the Claim.

39. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the Claim.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO PAY FOR COVERED LOSS

## (AGAINST NATIONAL FIRE)

40. BAY BRIDGE realleges and incorporates by reference each and every allegation set forth above in this Complaint.

41. A dispute and actual, justiciable controversy has arisen and now exists between BAY BRIDGE and NATIONAL FIRE concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with the Claim. BAY BRIDGE asserts, and states on information and belief that NATIONAL FIRE disputes, among other things, that under the Policy, NATIONAL FIRE is obligated to provide coverage for the Claim by paying for NATIONAL FIRE's portion of the settlement of the Lawsuit available under the Policy.

42. BAY BRIDGE desires a judicial determination and declaration of the parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the Claim.

43. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the Claim.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

## (AGAINST NATIONAL FIRE)

44. BAY BRIDGE realleges and incorporates by reference each and every allegation set forth above in this Complaint.

45. The Policy is a valid and enforceable written contract, which affords BAY BRIDGE insurance coverage for the Claim.

46. BAY BRIDGE has made written demands that NATIONAL FIRE acknowledge and comply with its obligations to provide coverage under the Policy in connection with the Claim, and that NATIONAL FIRE pay for its portion of the settlement of the Lawsuit.

47. BAY BRIDGE has satisfied all terms and conditions of the Policy that apply to it, except to the extent that NATIONAL FIRE has prevented BAY BRIDGE from performing under the Policy and/or BAY BRIDGE was excused from performing under the Policy.

48. NATIONAL FIRE has breached the Policy by, among other things, wrongfully:

    a. Delaying and failing and/or refusing to comply with its payment obligations;

    b. Denying BAY BRIDGE the rights to benefits to which BAY BRIDGE is entitled; and

    c. Taking coverage positions contrary to controlling law.

49. By breaching the terms of the Policy, NATIONAL FIRE waived its rights under the Policy.

50. As a direct and proximate result of NATIONAL FIRE's breaches, BAY BRIDGE has been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING
## (AGAINST NATIONAL FIRE)

51. BAY BRIDGE realleges and incorporates by reference each and every allegation set forth above in this Complaint.

52. The Policy contains an implied covenant of good faith and fair dealing

under which NATIONAL FIRE agreed not to take any action that would deprive BAY BRIDGE of BAY BRIDGE's rights and benefits under the Policy.

53. NATIONAL FIRE has breached this implied covenant of good faith and fair dealing by engaging in a course of conduct intentionally designed to deprive BAY BRIDGE of BAY BRIDGE's rights and benefits under the Policy.

54. NATIONAL FIRE breached the implied covenant of good faith and fair dealing by, among other things, wrongfully delaying and failing and/or refusing to timely investigate the Claim, delaying and failing and/or refusing to comply with its payment obligations, and asserting unreasonable interpretations of the Policy with the intention of depriving BAY BRIDGE of rights and benefits due to BAY BRIDGE.

55. NATIONAL FIRE's breaches of the implied covenant of good faith and fair dealing include, but are not limited to intentionally, wrongfully, and maliciously:

  a. Delaying and failing or refusing to comply with its payment obligations;

  b. Knowingly failing to adopt and implement reasonable standards for the adequate investigation and processing of claims arising under the Policy and other insurance policies;

  c. Knowingly failing to acknowledge and act reasonably upon communications with respect to claims arising under the Policy, by not communicating coverage determinations to its insured;

  d. Basing its claims-handling decisions on the desire to avoid its obligations to its insured, BAY BRIDGE;

  e. Preferring its own interests over the interests of BAY BRIDGE;

  f. Denying BAY BRIDGE the rights to benefits to which BAY BRIDGE is entitled, with the intention of coercing BAY

BRIDGE to forgo these rights and benefits; and

g.  Taking coverage positions contrary to controlling law.

56. By breaching the implied covenant of good faith and fair dealing, NATIONAL FIRE waived its rights under the Policy.

57. As a direct and proximate result of NATIONAL FIRE's breaches of the implied covenant of good faith and fair dealing, BAY BRIDGE has been damaged in an amount to be proven at trial.

58. As a direct and proximate result of NATIONAL FIRE's breaches of the implied covenant of good faith and fair dealing, BAY BRIDGE is entitled to recover its attorneys' fees and costs incurred in establishing its rights to obtain benefits under the Policy.

59. Further, NATIONAL FIRE's conduct, as alleged above, was done with an intentional and conscious disregard of BAY BRIDGE's rights and with oppression, fraud, and/or malice as defined under California Civil Code § 3294, entitling BAY BRIDGE to an award of punitive and exemplary damages assessed against NATIONAL FIRE, in sums according to proof, as a means of deterring it from committing similar acts and omissions in the future and punishing it for its wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, BAY BRIDGE prays for relief as follows:

1.  As to the first cause of action, a declaration that notice of the Lawsuit was timely under the Policy;

2.  As to the second cause of action, a declaration that under the Policy, NATIONAL FIRE is obligated to provide coverage for the Claim by paying for NATIONAL FIRE's portion of the settlement of the Lawsuit available under the Policy;

3.  As to the third cause of action, general, consequential, and compensatory damages according to proof;

20820830.3

10

BAY BRIDGE CAPITAL PARTNERS, LLC'S COMPLAINT

    4.    As to the fourth cause of action, attorneys' fees, costs, and consequential damages according to proof;

    5.    Pre-judgment interest according to proof;

    6.    Costs of suit and attorneys' fees according to proof;

    7.    Punitive and exemplary damages according to proof; and

    8.    Such other and further relief as the Court may deem just and proper.

DATED: May 14, 2024                Respectfully submitted,

                                  HANSON BRIDGETT LLP

                                  By:    /s/ *Caitlin N. Rabiyan*
                                  LINDA E. KLAMM
                                  MILES C. HOLDEN
                                  CAITLIN N. RABIYAN
                                  Attorneys for Plaintiff BAY BRIDGE CAPITAL PARTNERS, LLC

# DEMAND FOR JURY TRIAL

Plaintiff BAY BRIDGE CAPITAL PARTNERS, LLC hereby demands a jury trial.

DATED: May 14, 2024

Respectfully submitted,

HANSON BRIDGETT LLP

By:     /s/ *Caitlin N. Rabiyan*
LINDA E. KLAMM
MILES C. HOLDEN
CAITLIN N. RABIYAN
Attorneys for Plaintiff BAY BRIDGE CAPITAL PARTNERS, LLC